**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| Debtors. | |
| | Court File Nos.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

Douglas A. Kelley, in his capacity as the court-appointed Chapter 11 Trustee of Debtors Petters Company, Inc. and Petters Group World Wide, LLC

Plaintiffs,

vs.                                                                 ADV. NO. _____

St. Jude Children's Research Hospital,

Defendant.

**COMPLAINT**

Douglas A. Kelley, in his capacity as the court-appointed Chapter 11 Trustee of Petters Company, Inc. and Petters Group World Wide, LLC, by and through his legal counsel, Kelley

Wolter & Scott, P.A., as and for his Complaint against Defendant St. Jude Children's Research Hospital, states and alleges as follows:

**PARTIES**

1. Plaintiff Petters Company, Inc. ("PCI" or the "Debtor") is a corporation organized under the laws of the State of Minnesota.

2. Plaintiff Petters Group Worldwide, LLC ("PGW" or the "Debtor") is a limited liability company organized under the laws of the State of Delaware.

3. PCI and PGW (collectively the "Debtors") are, and at all times relevant herein were, wholly owned by Thomas Joseph Petters ("Petters"), an individual and citizen of the state of Minnesota.

4. Defendant is a non-profit corporation located at 262 Danny Thomas Place, Memphis, TN 38105.

**PROCEDURAL BACKGROUND**

5. On October 3, 2008, pursuant to 18 U.S.C. § 1345, the United States District Court of the District of Minnesota (the "District Court") placed, among others, Petters, PCI and PGW into receivership in civil litigation commenced by the United States of America against, among others, Petters, PCI and PGW (Civil File No. 08-5348) (the "Receivership Action").

6. By Order of the District Court in the Receivership Action dated October 6, 2008, as subsequently amended and restated on December 8, 2008, the District Court appointed Douglas A. Kelley, Esq. ("Kelley") as equity receiver (the "Receiver") of any affiliates, subsidiaries, divisions, successors, or assigns owned 100% or controlled by Petters, including PCI and PGW.

7. As the court-appointed Receiver, Kelley serves as an agent of the District Court and in that capacity had exclusive custody, control and possession of the property, assets and estates of PCI and PGW.

8. On October 11, 2008 (the "Petition Date"), PCI and PGW, at the Receiver's direction, filed separate petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in Court File No. 08-45257.

9. On October 22, 2008, this Court ordered the above-captioned Bankruptcy cases to be administratively consolidated as *In re Petters Company, Inc., et al.*, under case number 08-45257.

10. On February 26, 2009, this Court approved the appointment by the Office of the United States Trustee for the District of Minnesota of Kelley (the "Trustee"), as the Chapter 11 Trustee for all Chapter 11 debtors in this jointly administered matter, which specifically included appointing Kelley as the Chapter 11 Trustee of PCI and PGW.

## JURISDICTION, VENUE AND STANDING

11. This Court has subject matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The claims asserted herein arise under the Bankruptcy Code and are related to cases pending before this Court pursuant to the Bankruptcy Code.

12. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), (H) and (O).

13. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14. The Trustee has standing to assert the claims herein pursuant to Sections 323, 544, 550 and 1106 of the Bankruptcy Code.

## NATURE OF PROCEEDING

15. The Trustee brings this adversary proceeding against the Defendant pursuant to sections 105(a), 542, 544, 550(a), 551 and 1106 of the Bankruptcy Code, the Minnesota Fraudulent Transfer Act, Minn. Stat. §§ 513.41-51, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states and other applicable law, to recover fraudulent transfers, damages and disgorgement, prevent unjust enrichment and to impose a constructive trust, in connection with transfers of property by PCI and PGW to Defendant.

16. Defendant is an initial transferee of the fraudulent or other avoidable transfers alleged in this Complaint, or a person for whose benefit such transfers were made, or an immediate or mediate transferee of any initial transferee of such transfers.

## FACTUAL BACKGROUND

### THE PETTERS PONZI SCHEME

17. This adversary proceeding arises from a massive fraud and Ponzi scheme designed and orchestrated principally by Petters, and business organizations that he directly or indirectly owned and controlled (the "Ponzi Scheme").

18. Petters operated the Ponzi Scheme with the assistance of other individuals within certain Petters organizations from approximately 1993 through the date of his arrest by federal agents on October 3, 2008. Petters, through various entities that he controlled, including PCI and PGW, laundered what is estimated to be an amount in excess of $40 billion.

19. On December 1, 2008, Petters, PCI and PGW were indicted by a Federal Grand Jury in the District of Minnesota (the "Indictment"), (Criminal No. 08-364) [Docket No. 196]. The indictment charged Petters, PCI and PGW with mail and wire fraud, conspiracy to commit

mail and wire fraud, conspiracy to commit money laundering, and charged Petters with money laundering, all in connection with the perpetration of and resulting from Petters', PCI's and PGW's participation in the Ponzi Scheme. On June 3, 2009, the government filed a Superseding Indictment (the "Superseding Indictment") (Criminal No. 08-364) [Docket No. 79], charging Petters, PCI and PGW with wire and mail fraud, conspiracy to commit mail and wire fraud and money laundering conspiracy and charging Petters with money laundering, all in connection with Petters', PCI's and PGW's participation in the Ponzi Scheme.

20. A jury in the United States District Court of the District of Minnesota on December 3, 2009 found Petters guilty of all 20 counts charged in the Superseding Indictment. On April 8, 2010, Judge Richard H. Kyle sentenced Petters to 50 years in prison for his crimes.

21. At various times during the course of the Ponzi Scheme, Petters was assisted in the operation of the scheme by numerous individuals and conspirators, including Deanna Coleman ("Coleman"), Robert White ("White"), Larry Reynolds ("Reynolds"), Michael Catain ("Catain") and James Wehmhoff ("Wehmhoff") (collectively referred to herein as "Associates"), each of whom has pled guilty to crimes related to the Ponzi Scheme.

22. Petters and his Associates orchestrated a fraud commonly known as a Ponzi scheme. Petters, through a multitude of entities and with the assistance of his Associates, induced investors into financing the purchase of non-existent electronic equipment secured by fabricated purchase orders or otherwise providing financing for fabricated or misrepresented purposes. Petters then took the funds invested by later investors and repaid earlier investors, not with the earnings or proceeds from the fabricated business purposes for which the financing purportedly was obtained but with funds obtained from the subsequent investors.

23. Petters, through PCI, PGW and a multitude of companies through which he operated, intended that the payments to early investors would induce ongoing, repeated, greater and more widespread investment in the Ponzi Scheme and thereby further perpetrate and extend the life of the fraud.

24. In addition to using the money obtained from later investors to repay earlier investors, Petters used the new investments to prop up PGW and other business that perpetually lost money, fund Petters' extravagant lifestyle, pay exorbitant bonuses and other payments to employees, consultants and friends, and make millions of dollars in charitable donations to enhance his credibility and lure additional investors into the Ponzi Scheme.

25. Petters, or Petters and his Associates, gave money – the principal investment of victims of the Ponzi Scheme – to universities, schools and other charitable organizations that was not his to give.

26. Petters, or Petters and his Associates, completely controlled and exercised adverse domination over PCI, PGW and other debtor entities at all times relevant herein and until the Receiver was appointed and placed in control of these entities.

27. Petters, as the owner, officer and director of PCI and PGW, was a fiduciary of those entities and had a duty to disclose the fraudulent activities alleged in this Complaint. Petters in violation of his fiduciary duty did not disclose the fraudulent activities to current or prospective investors and other creditors of PCI, PGW or other related entities.

28. Petters, or Petters and his Associates, fraudulently and intentionally concealed the ongoing fraud in an effort to hinder and delay authorities and other current and prospective investors and other creditors of PCI, PGW and other entities from discovering the fraud.

29. The concealment of the fraud, whether by Petters' silence, by the fraudulent, intentional concealment of the facts constituting the fraud or by the adverse domination of PCI, PGW and other debtor entities by Petters and his Associates, prevented the discovery of the on-going fraud until the Receiver was appointed and placed in control of the entities and the Trustee was able to discover facts constituting the fraud alleged in this Complaint.

30. The Trustee has acted diligently to discover facts constituting the fraud alleged in this Complaint.

31. Any temporal limitations, statutory or otherwise, on the Trustee's ability to bring the causes of action set forth below are tolled by, among other things, Petters' breach of fiduciary duty in failing to disclose the fraud, the actions of Petters, or Petters and his Associates, in fraudulently and intentionally concealing the fraud, or the adverse domination of PCI, PGW and other debtor entities by Petters, or Petters and his Associates, until the appointment of the Receiver.

**FRAUDULENT TRANSFER TO THE DEFENDANT**

32. Prior to the Petition Date, Petters or his Associates transferred a total of $15,000.00 (the "Transfer") in fraudulently obtained funds from PCI and/or PGW, and its subsidiaries or affiliated entities, to the Defendant. The Transfer to the Defendant is as follows:

| Date | Payor | Amount |
|---|---|---|
| 3/22/2006 | PGW | $15,000 |
| **Total** | | $15,000 |

33. The Transfers to universities, schools and other charities were made as part of the Ponzi Scheme to impress existing and future investors, to add credibility to the scheme and to convey that Petters, PCI and PGW were trustworthy, impressive and profitable.

34. To the extent that any of the recovery counts may be inconsistent with each other, they are to be treated as being pled in the alternative.

35. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant. The Trustee intends to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant or any other transferee. The Trustee reserves the right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications or revisions to Defendant's name, (iv) additional defendants, or (v) additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, §547, §548 and §549), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the amendments or additional causes of action to relate back to this original Complaint.

## COUNT I – TURNOVER AND ACCOUNTING

### [11 U.S.C. § 542]

36. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

37. The Transfer constitutes property of the estate to be recovered and administered by the Trustee pursuant to section 541 of the Bankruptcy Code.

38. As a result of the foregoing and pursuant to section 542 of the Bankruptcy Code, the Trustee is entitled to the immediate payment and turnover from Defendant of any and all Transfers made by PCI or PGW, directly or indirectly, to Defendant.

39. As a result of the foregoing, pursuant to section 542 of the Bankruptcy Code, the Trustee is also entitled to an accounting of all such Transfers received by Defendant from PCI or PGW, directly or indirectly.

## COUNT II – FRAUDULENT TRANSFER

### [Actual Fraud - 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws]

40. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

41. The Transfer represents a transfer that was made or obligations that were incurred with actual intent to hinder, delay or defraud a creditor to which the Debtor was or became indebted on or after the date of the Transfer.

42. The Transfer was made to or for the benefit of Defendant in furtherance of a fraudulent investment scheme.

43. To the extent that Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual for whose benefit such Transfer was made.

44. As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.44(a)(1) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and

9

clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant.

### COUNT III – FRAUDULENT TRANSFERS

**[Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(2)(i) and 513.47 or Other Governing Fraudulent Transfer Laws]**

45. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

46. At all times material hereto, the Debtor was engaged in businesses or transactions, or was about to engage in businesses or transactions, for which the property remaining with the Debtor after the Transfer was effectuated constituted unreasonably small capital.

47. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

48. To the extent that Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual for whose benefit such Transfer was made.

49. As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for

the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering prejudgment and post-judgment interest, attorneys' fees and costs from Defendant.

## COUNT IV – FRAUDULENT TRANSFERS

**[Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(2)(ii) and 513.47 or Other Governing Fraudulent Transfer Laws]**

50. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

51. At all times material hereto, the Debtor, at the time of the Transfer, intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as the debts matured.

52. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

53. To the extent that Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief, cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual whose benefit such Transfer was made.

54. As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.44(a)(2)(ii) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant.

**COUNT V – FRAUDULENT TRANSFER**

**[Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.45(a) and 513.47 or Other Governing Fraudulent Transfer Laws]**

55. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

56. At all times material hereto, the Debtor, at the time of the Transfer, was insolvent or, in the alternative, the Debtor became insolvent as a result of the Transfer.

57. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

58. To the extent that Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief, cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual for whose benefit such Transfer occurred.

59. As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.45(a) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant.

**COUNT VI – UNJUST ENRICHMENT/EQUITABLE DISGORGEMENT**

60. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

61. At all times relevant hereto, all funds received by Defendant were part of the Ponzi Scheme and were derived from monies fraudulently obtained by, among others, Petters, PCI and PGW, and from other investors or participants in the Ponzi Scheme.

62. Rather than invest new principal investments as Petters or his Associates represented, Petters, or Petters and his Associates, transferred to Defendant fraudulently obtained monies from PCI or PGW which Petters or his Associates did not have the right to donate. The Defendant, as the recipient of the Transfer, which was fraudulently obtained proceeds of the Ponzi Scheme, has no rightful or legitimate claim to any monies received from PCI or PGW.

63. Defendant knowingly received monies from the Debtor and those monies were derived from the Ponzi Scheme, was unjustly enriched through its receipt of the fraudulently obtained monies to the detriment of other investors in PCI or PGW, and in equity and good conscience must be required to repay the proceeds it received.

64. Defendant would be unjustly enriched to the extent it is allowed to retain the monies and proceeds received during its participation in the Ponzi Scheme.

65. Defendant must, therefore, in equity be required to disgorge all proceeds received through the operation of the Ponzi Scheme, so as to allow the Trustee to distribute in equity any such ill-gotten gains among all innocent investors and creditors of PCI or PGW.

**WHEREFORE**, the Trustee respectfully requests this Court enter judgment in favor of Plaintiffs and against Defendant as follows:

    A. On Count I – Turnover and Accounting, pursuant to sections 542, 550(a) and 551 of the Bankruptcy Code: (a) that the property that was the subject of the Fraudulent Transfer be immediately delivered and turned over to the Trustee,

and (b) for an accounting by Defendant of the property that was the subject of the Transfer or the value of such property;

  B.  On Count II – Fraudulent Transfer (Actual Fraud), pursuant to 11 U.S.C. §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.44(a)(1) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant;

  C.  On Count III – Fraudulent Transfer (Constructive Fraud), pursuant to 11 U.S.C. §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant;

  D.  On Count IV – Fraudulent Transfers (Constructive Fraud), pursuant to 11 U.S.C. §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.44(a)(2)(ii) and 513.47, and if the Court should determine that this action is

governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant;

  E.  On Count V – Fraudulent Transfer (Constructive Fraud), pursuant to 11 U.S.C. §§ 544(b), 550(a), 551 and 1106, Minn. Stat. §§ 513.45(a) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding and preserving the Transfer free and clear from any claimed interest of Defendant, (b) directing that the Transfer be set aside, (c) recovering such Transfer in the amount of $15,000.00 or the value thereof from Defendant for the benefit of the bankruptcy estates of PCI or PGW, and (d) recovering pre-judgment and post-judgment interest, attorneys' fees and costs from Defendant;

  F.  On Count VI – Unjust Enrichment/Equitable Disgorgement: declaring and ordering that the Trustee shall recover the Transfer and any other monies received by Defendant, directly or indirectly, from the fraud perpetrated through the Ponzi Scheme, or the value thereof, for the benefit of the bankruptcy estate of the Debtor; and that Defendant shall be liable to the bankruptcy estate of the Debtor in an amount equal to all monies received and shall be required to disgorge the same for the equitable distribution to all creditors of PCI or PGW;

G. On all Claims for Relief, establishment of a constructive trust over the proceeds of the transfers in favor of the Trustee for the benefit of PCI's or PGW's estate;

H. Awarding the Trustee all applicable interest (including pre-judgment and post-judgment interest), attorneys' fees, costs and disbursements in this action; and

I. Granting the Trustee such other, further and different relief as the Court deems just, proper and equitable.

DATED: October 4, 2010  **KELLEY, WOLTER & SCOTT, P.A.**

By: /e/Steven E. Wolter
Steven E. Wolter (#170707)
Kevin M. Magnuson (#0306599)
Patricia A. Pedersen (#0240205)
431 S. Seventh Street, Suite 2530
Minneapolis, MN 55414
(612) 371-9090 (telephone)
(612) 371-0574 (facsimile)

**ATTORNEYS FOR
DOUGLAS A. KELLEY,
CHAPTER 11 TRUSTEE OF
PETTERS COMPANY, INC. AND
PETTERS GROUP WORLDWIDE, LLC**